NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGXING LUO,<br><br>                Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                Respondent. | No.   14-71234<br><br>Agency No. A099-967-721<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2019**
Pasadena, California

Before:  GILMAN,*** FISHER, and NGUYEN, Circuit Judges.

Yongxing Luo, a Chinese citizen, petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

denial of his claim for asylum, withholding of removal, and relief under the

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     ***    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the IJ and BIA's adverse credibility findings. We review "findings of fact, including credibility findings, for substantial evidence and must uphold the [IJ's] and [the] BIA's finding unless the evidence compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). Here, the IJ found that Luo had fabricated his story of detention by the Chinese authorities on account of his purported involvement in an underground Christian church in China. Ample record evidence supports the IJ's finding. Luo gave inconsistent information about whether his sister or his mother first introduced him to Christianity. He was also inconsistent about the location of his arrest, testifying that he was arrested while attending a church meeting at Ding Kang's home, but stating in the declaration that he submitted with his application that he was arrested at Brother Ruan's home. Luo gave inconsistent testimony as to food and sleep deprivation while detained and when he learned that his fellow church members remained in detention. Finally, his testimony about the Chinese government's revocation of his business license was inconsistent with the text of the license, and his testimony about his family's residences contradicted his household registration information.

**PETITION DENIED.**

2